# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                                                  Plaintiff,<br>   vs.<br><br>ARTURO ZARATE OCHOA (02),<br>                                                  Defendant. | CASE NO. 12CR2689-MMA-2<br><br>**ORDER DISMISSING MOTION FOR POST-SENTENCING RECONSIDERATION OF RESIDENTIAL DRUG PROGRAM**<br><br>[Doc. No. 70] |

     Defendant was charged in a one count Information with possessing with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). *See Information*, Doc. No. 30. Defendant pleaded guilty and on December 3, 2012, this Court committed Defendant to the custody of the Bureau of Prisons for a term of 46 months. *See Judgment*, Doc. No. 59. On January 2, 2013, Defendant appealed the Court's judgment. *See* Doc. No. 65. Defendant now requests that the Court reconsider its "denial to Defendant of the Residential Drug Program at sentencing." Defendant appears to take issue with the fact that the Court did not recommend him to the Bureau of Prisons' ("BOP") 500-hour residential treatment program for substance abuse.

     In the Ninth Circuit, "filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986). A notice of appeal does not divest the district court of jurisdiction if at the time the notice of appeal was filed there "was then a pending motion for reconsideration." *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102,

1109 (9th Cir. 2001), citing Fed. R. App. P. 4(a)(4)(B)(i).  Under the prison mailbox rule "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail."  *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).  Here, Defendant submitted his motion for reconsideration to prison authorities for mailing on December 26, 2012, together with his Notice of Appeal.  Therefore, although Defendant's motion for reconsideration was docketed on the Court's record five days after his Notice of Appeal, the Court considers the motion to have been "pending" for the instant purpose.  Regardless, however, Defendant has not followed the required procedure for this Court to entertain the motion.  *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) ("To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case.").

Even if Defendant's motion were properly before the Court, it would have neither the jurisdiction nor the authority to grant the requested relief.  The Court lacks jurisdiction to reconsider Defendant's sentence under Federal Rule of Criminal Procedure 35.  Authority to determine whether a prisoner enters a residential treatment program resides in the executive branch and is in the sole discretion of the BOP.  *See* 18 U.S.C. § 3621(b),(e); *see also Downey v. Crabtree*, 100 F.3d 662, 666 (9th Cir. 1996) ("[The BOP] has broad discretion over the entire drug-treatment process within the federal corrections system, beginning with determining which inmates ever enter substance-abuse programs.").  Thus, Defendant's eligibility and referral to a drug treatment program lies outside of this Court's authority.

Accordingly, the Court **DISMISSES** Defendant's motion for reconsideration.

**IT IS SO ORDERED**.

DATED: January 14, 2013

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge